Judge Robertson
delivered the opinion of the court.
Clarissa Lansda'le and her sister Co-rilla Macey, (the wife'of Alexander R. Macey,) being *90 entitled jointly, with two other heirs of their deceased father, Richard Lansdale, to 240' acres of land, Cía-rissa died before partition, and by her will, made the following devise of her estate:
« It is my will and desire, after my debts are paid, that all and every part of my said father’s estate which 1 am entitled to, of every description whatever, shall go to my sister Corilla Macey during her 4ife; and if she should have any issue, of her body, f devise and will it unto them and their heirs forever; but if she should die without issue, in that case, at the death of my said sister Corilla Macey, 1 will and desire that all my estate of every description shall go to Levi Brasheaf’s two daughters, Camilla L. Brashear and Sarah Frances Brashear, to them and their heirs forever.”
Macey and wife having sold to Levi Brashear their •'interest in all the land thus devised to them, excepting about sixteen acres, -Camilla L. and Sarah F. •Brashear, by their next friend, Robert Brashear, filed their bill in chancery against Macey and wife and others, charging that they were committing waste, by cutting, selling, and destroying the timber; that Mrs. Macey-had never had, and had no prospect of ever having-a child, and praying therefore for an injunction to stay waste, and a decree for partition and for damages for the waste which had been committed.
• The bill was- taken for confessed as to the waste, but Macey and wife, in their answer, denied the right of the complainants to the land, insisting that the contingency, on which their interest depended, was too remote, and that therefore the absolute fee had passed by the will of Mrs. Macey. The court, concurring (as we suppose) in this opinion, dissolved the injunction as to Macey and wife and dismissed the bill. And from this’decree the complainants, by their next friend, appealed.
• The.interest devised to Mrs. Macey in the land cannot, by any event or- by any allowable construction of the will, be enlarged beyond a life estate. If she should have issue living at her death, then.the ■estate would pass by the will to the issue; if she •should die without issue living at het death, then the *91 estate would pass by the will to the 'appe'll'&nts. There can be no doubt that the testator intended that Mrs. Macey should have only a life This would be the proper construction of the devise, even if there had been no devise over to her issue after her death. In this case, “ issue” is used as a word of purchase and: not of limitation. ' It would be obvious that the testator’s object was that the issue should have the remainder after the determination of the life estate, even if she had not expressly said: so.-. SeeMosby’s Administrator vs. Corben’s Administra-, tor, III. Marshal], 289. But the positive devise to the-issue if there shall be any, removesall doubt.
In deyiseof • personal estate, “dying without issue,” is inva- ■ riably interpreted to mean, issue living at the death. When devise is of real es- • tate, anicent authorities differ as to meaning of expression, “dying with out issue.” • But weight ■ of authority and of reason, are decidedly in favor of construing expression “dying without issue,” whether used in real or personal devise, to mean dying without issue living fft .death.
Limitation over, after indefinite failure of issue, -is void. Because, e-ventou which it depends, may not occur, within life in being and 21 years, and usual period of.gestation. But if contingency must. happen,.within life in being and 21 years and 9 months, limitation is. good.
*91 The testator did not mean to put the right of the appellants on the contingency of the indefinite failure of issue. In a devise of personal estate, the expression “ dying without issue,” is invariably interpreted to mean “ ex vi tei mini,” issue living at the death. . But when the devise is of real estate, there is some diversity in the ancient authorities,, as to the import and effect of the same expression. Some of these authorities have endeavored to establish a subtle and arbitrary doctrine on this subject, neither the reason nor justice of which can be perceived by this court. See III. Saunders, ..388 a. n. 9, where the. authorities-are collated.
It is our opinion that the weight of- authority as well as that of reason, is decidedly opposed to any distinction in the construction >of the expression, dying without issue” in a devise of personal or real estate, and that therefore in both it means the same thing. The reference which we have made to Saunders, will supersede the necessity, of a minute analysis of the authorities to which he refers.
It is well established that a limitation over, after an indefinite failure of issue, is void, because it is too remote; the event, oh which it is made to, depend, ■may not occur within a life in being and 21 years-and the usual period of gestation afterwards. But when-, ever the contingences must occur within a-life in. being .and 21 years and 9 months, the limitation is good and effectual. . In this case, it.seems to us that the contingency must happen within that time.
*92 Moreover it will be recollected that executory. devises are construed rnore liberally than deeds. . A testator “ in extremis,” is frequently “ inops concilia,™ and therefore his intention is to be ascertained by consulting the popular meaning of the words employed in Ttiis will,, and by. surveying the whole, instrument. If any expressions can be found which indicate that “dying without issue,” was intended to mean issue living at the death, the will should be construed accordingly, to intend that the issue shall be living at the death.
There are three circumstances which fortify this construction of this will:
1st. The remainder is devised to the issue, if there shall be any, after Mrs. Macey’s death.
2d. The appellants, to whom a contingent remainder was devised, were in esse at the date of the will.
3d. No more than a life estate w,as devised in any event to Mrs. Macey.
These we should consider conclusive, even if we be mistaken in the opinion that the expression “ dying without issue,™ of itself and alone, means issue living at the death. See Target vs. Gaunt, I. Peere Williams, 432; Nichols vs. Hooper, ib. 198; Maddox vs. Staines, II. ib. 421; Atkinson vs. Hutchison, III, ib. 258; Denn vs. Geering, Cowp. 410.
The devise to the appellants is therefore not void for uncertainty,or o.n account of the remoteness of the contingency, on which it shall take effect beneficially and consequently they may have an available interest in the land.
And that interest is sufficient to enable them to in-join the tenant of the life estate from waste. See I. Fonblanque, 32; I. Mad. Ch’y. 114; Robinson vs. Litton, III. Atkins, 211; Williams vs. The Duke of Bolton, III. Pr. William, 268; Fearne on Executory Devises, 563.
When the right is doubtful, the court will not in-join waste, if the title of the complainant be denied by the answer, unless there is a prayer for the establishment of the right. Mad. Ch’y. 114; Cooper’s Equity, 151-2.
pen((B on con_ tingent event s"slai.R „,aste°be-°m oause that is dy against"18 waste; for his „,'Sat * law will lie.
Before there can be any de-°.ree Parti~ j^nt tenants of land must be parties-.
Though opes whose claim depends on contingent prevent waste' he cannot re-* cov®r <?ama-donef waste
Selling or otherwise j8MnJ/P.
Bat this .doctrine does not apply to such a case as tills, where the doubtfulness of the title results only from the uncertainty, whether the contingency on which it depends will occur or not. The reason of the doctrine, and the foregoing authorities abundantly prove this.
One, whose claim is made to depend merely on a contingent event, may sustain a bill for waste. In such a case there is no other remedy, because the interest not being vested, no action at law can be maintained. A bill to injoin waste is therefore the only remedy, and is peculiarly appropriate.
If it would otherwise have been proper to decree a partition, so as to define the boundary of the land which belonged to the testator, there was no error in withholding such a decree in this case, because there was a defect of parties. ■ '
,Before there could be a partition, all the joint tenants should be parties. . A partition could not operate materially^to the advantage of the appellants; for it couldf give them no more immediate right to the land than that which they hold,
Nor was there any error in refusing to decree damages for waste which had been committed. We are aware that cases may be found in the British chancery, on which the chancellor, on an application for injunction and relief, has decreed damages for waste which had been committed. This however, is, at least, questionable doctrine, when there may be a legal remedy.
But however it may be, in this case there should be no such decree, because, the injury to the appellants is prospective and contingent; and it would be erroneous therefore to award to them damages, for an injury to property which they may never own.
This reason does not, however, apply to the prayer for prevention of waste. As they have a prospective interest, they are entitled to security against the destruction of the property during Mrs. Macey’s life; and she and her husband, holding only a life estate, have po right to waste the land.
Rudd, for appellants: Denny, for appellees.
Selling or otherwise using the timber unnecessa-is waste. To this extent it is shewn thatMacey and wife, or others under their authority, have done Wherefore the circuit court erred in dissolving the injunction.
And therefore the decree is reversed, and the cause remanded for a decree conformable to this opinion.